IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

JASON CHAPPELL

                            NO. 2:13-CV-01210-TFM

        Plaintiff

  vs.

BIG LOTS STORES, INC.

        Defendant

## Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

1. **Identification of counsel and unrepresented parties:**

*For Plaintiff Jason Chappell*:
Daniel S. Schiffman, Esquire
Schiffman & Wojdowski
1300 Fifth Avenue
Pittsburgh, PA 15222
(412) 288-9444
Schiffman.dan@gmail.com
schifwojdo@hotmail.com

*Attorneys for Defendant Big Lots Stores, Inc.*
Jennifer Keadle Mason, Esquire
Brett L. Huston, Esquire
Mintzer, Sarowitz, Zeris, Ledva & Meyers, LLP
Suite 390
625 Liberty Avenue
Pittsburgh, PA  15222
(412) 928-0502-phone
(412) 928-0506-fax
jmason@defensecounsel.com
bhuston@defensecounsel.com

2. **Set forth the general nature of the case:**

Plaintiff has brought this product liability action alleging that on or about April 27, 2013, Plaintiff and his fiancé were sitting on their front porch. Plaintiff lit a Mosaic Glass Tabletop Torch (hereinafter "torch"), which he claims he purchased approximately one (1) week earlier from Defendant, Big Lots, Inc. Later that evening, Plaintiff walked over to the tabletop torch to extinguish the flame by blowing on the wick. Plaintiff asserts that the flame flared and the torch exploded

alleging causing citronella fuel to land on Plaintiff's legs, feet, left arm and abdomen.

Plaintiff is aware of other similar alleged instances where individuals claim they have been maimed or killed while using the subject torch. The Consumer Product Safety Commission (CPSC) issued a recall notice regarding the subject torch in August 2013.

As a result of the alleged incident, Plaintiff has claimed personal injuries, including thermal burns to his legs, feet, left arm and abdomen. Plaintiff has alleged third degree burn injuries necessitated multiple skin grafting procedures and have allegedly left Plaintiff permanently disfigured. Plaintiff claims that he has sustained medical expenses and lost wages. Plaintiff has brought claims of strict liability, negligence, gross negligence, recklessness, and breach of warranty against Defendant for the aforesaid alleged injuries, including a claim for punitive damages.

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

   February 17, 2014.  See Paragraph 1 for identification of participants in the Conference.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**

   March 14, 2014 at 9:15a.m.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

   At this time, it is premature to determine whether the parties anticipate filing any dispositive motions in this matter. The parties respectfully request to reserve their respective rights to file dispositive motions following the conclusion of fact discovery and/or expert discovery in order to determine whether there are grounds for a dispositive motion.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected; if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

   The parties discussed ADR.  The parties are amenable to pursuit of ADR, and specifically mediation following the conclusion of fact discovery in this matter. The parties have agreed to select as their mediator Harry Paras or Howard Schulberg.

7. **Set forth any change that any party proposes to be made in the timing form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

   The parties have agreed to complete the required Fed. R. Civ. P. Rule 26(a) disclosures prior to March 3, 2014.

8. **Subjects on which fact discovery may be needed**:

   Discovery will be required on all issues pertaining to liability, including prior knowledge, and damages.

9. **Set forth suggested dates for the following:**

   a. **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

      The parties have agreed to complete the required Fed. R. Civ. P. Rule 26(a) disclosures prior to March 3, 2014.

   b. **Date by which any additional parties shall be joined:**

      April 14, 2014. The parties do not anticipate the need to join any additional parties. The parties may seek leave to join additional parties after the completion of fact discovery.

   c. **Date by which the pleadings shall be amended:**

      April 14, 2014. The parties do not contemplate the need to amend pleadings at this time other than in the manner to which both parties have stipulated regarding correcting a typographical error in Plaintiff's Complaint.

   d. **Date by which fact discovery should be completed:**

      August 14, 2014.

   e. **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

      The parties do not anticipate the need to conduct discovery in phases or limited to or focused on particular issues.

    f.    **Dates by which Plaintiff's expert reports should be filed**:

        September 14, 2014.

    g.    **Dates by which depositions of Plaintiff's expert(s) should be completed:**

        November 14, 2014.

    h.    **Date by which Defendant's expert reports should be filed:**

        October 14, 2014.

    i.    **Date by which Defendant's expert(s) should be completed:**

        December 14, 2014.

    j.    **Date by which Third Party expert's reports should be filed:**

        Not applicable; however, the proposed date is November 14, 2014.

    k.    **Date by which depositions of Third Party's expert(s) should be completed.**

        Not applicable; however, the proposed date is December 14, 2014.

10.    **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

The parties do not propose any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule at this time. The parties are willing to stipulate to written interrogatories in excess of twenty-five (25) including subparts.

11.    **Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of. the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration.  In particular, answer the following questions:**

    a.    <u>**ESI:**</u> Is either party seeking the discovery of ESI in this case? **Yes**

        If disputed, identify the nature of the dispute

    b.    <u>**Metadata:**</u> Will any metadata be relevant in this case? **Yes**

       **If yes, with respect to what ESI: The parties will agree to a protocol regarding metadata**.

c.    **Format**: Have the parties agreed on the format(s) for production of ESI? **No. The parties will agree to a protocol regarding format**.

d.    **Clawback Agreement:** Will the parties be using the Form Inadvertent Production Provision of LCvR 16.1.D? **Yes**.

e.    **Search terms:** Have the parties agreed on any protocol for review of electronic data? **Not at this time. The parties will agree to a protocol regarding search terms**.

f.    **Accessibility:** Have the parties agreed on what ESI is "reasonably accessible" as defined in R. 26(b)(2)(13)? **Not at this time. The parties will agree to a protocol regarding accessibility**.

g.    **Preservation:** Are there any unresolved issues pertaining to the preservation of ESI? If so, please describe: **Not at this time.**

h.    **Other:** Identify all outstanding issues or disputes concerning ESI: **None.**

12. **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery:**

    The parties propose scheduling a Post-Discovery Status Conference after the conclusion of expert discovery.

13. **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

    None at this time although Defendant may potentially seek a protective order requiring that trade secrets or other confidential commercial information that may not be revealed or revealed only in a specified way.

14. **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

    No.

15. **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

    Not Applicable.

16. **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

    The parties have considered possible settlement of this action. In particular, Plaintiff issued a monetary demand on December 13, 2013. Defendant is the process of evaluating said demand for purposes of settlement negotiations.

    Respectfully submitted,

DATE:   February 19, 2014          BY:          /s/ *Daniel S.  Schiffman*
                                        Daniel S. Schiffman, Esquire
                                        Schiffman & Wojdowski
                                        1300 Fifth Avenue
                                        Pittsburgh, PA 15222
                                        (412) 288-9444
                                        schifwojdo@hotmail.com
                                        *Attorneys for Plaintiff*


                                                 /s/ *Brett L. Huston*
                                        Jennifer Keadle Mason, Esquire
                                        Brett L. Huston, Esquire
                                        Mintzer Sarowitz Zeris Ledva & Meyers
                                        Suite 390
                                        625 Liberty Avenue
                                        Pittsburgh, PA  15222
                                        (412) 928-0502
                                        jmason@defensecounsel.com
                                        bhuston@defensecounsel.com
                                        *Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

JASON CHAPPELL

                        Plaintiff

vs.

BIG LOTS STORES, INC.

                        Defendant

NO. 2:13-CV-01210-TFM

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                        /s/  Brett L. Huston
                        Brett L. Huston